UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Magistrate Docket No. 08 MJ 1054 |
| Plaintiff, ) | |
| ) | COMPLAINT FOR VIOLATION OF: |
| v. ) | |
| ) | Title 8, U.S.C., Section 1326 |
| Gilberto CRUZ-Vasquez, ) | Deported Alien Found in the |
| ) | United States |
| Defendant ) | |

The undersigned complainant, being duly sworn, states:

On or about **April 6, 2008** within the Southern District of California, defendant, **Gilberto CRUZ-Vasquez,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico,** was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Ismael A. Canto
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **7th** DAY OF **APRIL, 2008**

Ruben B. Brooks
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
Gilberto CRUZ-Vasquez

## PROBABLE CAUSE STATEMENT

On March 28, 2008 Senior Patrol Agent Arguello, was performing line watch duties in an area known as "The Amsod Field". "The Amsod Field" is approximately four miles west of the San Ysidro, California Port of Entry, and 300 yards north of the U.S./Mexico International Boundary Fence. This is a area often frequented by undocumented aliens and used to further their entry into the United States. At approximately 6:10 PM, the camera operator notified me via service radio of several individuals running northbound from the International Boundary Fence. I arrived in the area at 6:15 PM and observed four individuals run north into some large bushes in an attempt to conceal themselves from my view. I identified myself as a United States Border Patrol Agent and immediately performed an immigration inspection. One subject later identified as **Gilberto CRUZ-Vasquez**, and the other individuals admitted to being citizens and nationals of Mexico, illegally present in the United States without any immigration documents allowing them to enter or remain legally. The defendant stated that he and the other individuals had entered the United States illegally several minutes earlier by climbing over the International Boundary Fence and at this point the defendant was arrested and transported to the Imperial Beach Border Patrol Station for processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico** on **September 11, 2001** through **San Ysidro, California.** These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was read his Miranda rights in the Spanish language. The defendant stated that he understood his rights and agreed to give a statement without an attorney present. The defendant freely admitted to illegally reentering the United States/Mexico border by climbing over the Border Fence with the purpose of traveling to Los Angeles, California. He admitted to being a citizen and national of Mexico and stated that he did not have any immigration documents that would allow him to legally reenter or remain in the United States.